FREYRE, PLAINTIFF AND APPELLEE, *v.* QUINTERO AND THE NATIONAL SURETY COMPANY, DEFENDANTS (QUINTERO, APPELLANT).

APPEAL from the District Court of Mayagüez in an Action for Damages.

MOTION of the Appellee for Dismissal of the Appeal.

No. 1335.—Decided July 30, 1915.

APPEAL—AGGRIEVED PARTY.—According to section 294 of the Code of Civil Procedure, only the party aggrieved by a judgment can appeal therefrom.

ID.—JUDGMENT—AGGRIEVED PARTY.—When in rendering judgment the court excludes one of the defendants from its effects he is not aggrieved thereby.

ID.—JUDGMENT—INTERESTED PARTY.—The moral interest which a defendant may have in a judgment is not the kind of interest which the law and jurisprudence contemplate in order that a person against whom the judgment is not expressly rendered may appeal therefrom.

ID.—JUDGMENT—EVIDENCE.—In a case where the evidence is contradictory and the only ground for attacking the judgment is that the trial court erred in weighing the evidence, if it is not shown that said court was influenced by passion, prejudice or partiality or committed manifest error, an appeal from the judgment is frivolous.

The facts are stated in the opinion.

*Messrs. Rafael López Landrón* and *Juan Gregory* for the appellant.

*Messrs. E. Ramírez Nadal* and *Pascasio Fajardo* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action for damages. The complaint was filed in the District Court of Mayagüez against Juan Quintero and the National Surety Company for the recovery of the sum of $1,467. Juan Quintero is a notary public practicing in Mayagüez and the National Surety Company is a corporation which bonded the said notary for the faithful performance of his duties as such. It is alleged in the complaint that believing that certain documents had been signed by a certain person before Notary Quintero, as it so appeared on their face, the plaintiff made several loans of money which he was unable to collect later because it transpired that the documents had not been signed before the said notary as he attested. The case went to trial. The evidence was contradictory and the court decided the conflict in favor of the plaintiff and rendered judgment against the National Surety Company only.

Without taking any steps to have himself included in the judgment and without stating wherein he deemed himself aggrieved thereby, defendant Quintero appealed to this court and the transcript of the record was filed in the office of the secretary on May 25, 1915.

At this stage of the case the appellee filed a motion for dismissal of the appeal on the ground that the appellant had not filed his brief within the time fixed by the rules of this court and that the appeal was frivolous. Both plaintiff Freyre and defendant Quintero were represented at the hearing on the motion.

In examining the transcript of the record for the purpose of deciding the questions raised by the appellee, we took notice of the fact, as previously stated, that the appeal was taken by a person against whom no judgment had been rendered.

Section 294 of the Code of Civil Procedure provides that only the party aggrieved by a judgment may appeal therefrom. That Notary Quintero was a party defendant to the action in which the judgment appealed from was rendered is unimportant. When the court rendered judgment it excluded him from the effects thereof and therefore he was not aggrieved by the judgment. We do not overlook the fact that defendant Quintero may have a moral interest in the said judgment, but that is not such an interest as is required by law and jurisprudence in order that a person against whom the judgment was not expressly rendered may take an appeal therefrom. 2 R. C. L. 31, 35.

In view of the foregoing we are forced to the conclusion that the appeal should be dismissed. Nevertheless, we wish to state that we should have reached a like conclusion if we had decided the motion of the appellee on its merits. In our opinion the appeal is frivolous. This is a case of contradictory evidence and the only ground on which the judgment could really be assailed is error in weighing the evidence; and it has not been shown that the judge of the district court was influenced by passion, prejudice, or partiality or that he committed any manifest error. The jurisprudence established by this court in cases of this kind is so uniform and settled that an appeal which could only prosper were the court to reverse its former decisions may well be termed frivolous.

The appeal should be

*Dismissed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison took no part in this decision.